**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| THERESE VERONICA NATTY, | : | CIVIL ACTION NO. |
| Inmate ID # 2106937, | : | 2:11-CV-00193-RWS-SSC |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARIEL RODRIQUEZ, | : | PRISONER CIVIL RIGHTS |
| ICE Officer, | : | 28 U.S.C. § 1331 (BIVENS) |
| DENISE GAMBLE, | : | |
| ICE Supervisor, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Plaintiff Therese Veronica Natty, an inmate at the North Georgia Detention Center in Gainesville, Georgia, has submitted this *pro se* civil rights action, seeking relief under 28 U.S.C. § 1331.[1]  The matter is now before the Court for an initial screening.

**I.   The Legal Framework**

    **A.   28 U.S.C. § 1915A Review**

Section 1915A of Title 28, United States Code, requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon

---

[1] Plaintiff sues federal agents under the authority of <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The Clerk of Court is **DIRECTED** to correct the classification of this case accordingly.

which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 1950.

2

### B.     **Bivens Cause of Action**

To state a claim for relief under Bivens, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation), cert. denied, 540 U.S. 1219 (2004); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into *Bivens* actions").

## II.    **Discussion**

Plaintiff sues Defendants, two agents of the federal Bureau of Immigration and Customs Enforcement (ICE), for libel, slander, and defamation of character.  (Doc. 1 at 4).  Although her complaint is rather confusing, Plaintiff apparently alleges that Defendants, in order "to damage [her immigration] case for [her] not to get it reopen[ed]," falsely informed the Board of Immigration Appeals that she had been charged with assaulting a police officer and/or that she had been convicted of obstructing a police officer.  (Id.).  She seeks damages for the resulting

3

injury to her reputation and for her emotional distress, and she asks that Defendants be terminated from their positions with Homeland Security and that they be enjoined from ever again contacting her or her family "in life." (Id. at 4-5).

"[C]laims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." Charles v. Scarberry, 340 F. App'x 597, 599-600 (11th Cir. 2009) (unpublished opinion) (citing Paul v. Davis, 424 U.S. 693, 711-12 (1976)); see also Dardy v. Converse, No. 3:11-CV-131-WKW, 2011 U.S. Dist. LEXIS 48450, at *3-4 (M.D. Ala., Apr. 19, 2011) (noting that "the law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation or libel"), adopted by 2011 U.S. Dist. LEXIS 48471 (M.D. Ala., May 4, 2011). In Smith v. Siegelman, 322 F.3d 1290, 1296 (11th Cir. 2003), the Eleventh Circuit recognized that "[t]he Supreme Court in Paul v. Davis, 424 U.S. 693, 701 [(1976)], held that a person's interest in reputation alone, 'apart from some more tangible interests such as employment,' is not a protected liberty interest within the meaning of the due process clause."

Nevertheless, a plaintiff may be able to proceed on a Fourteenth Amendment due process claim arising from alleged defamation if she can show that she has been deprived of "a right or status previously recognized under state law" as well. Smith v. Siegelman, 322 F.3d at 1296 ("To establish a liberty interest sufficient to implicate the fourteenth amendment safeguards, the individual must be not only

4

stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law." (internal quotation omitted)). "In other words, a 'stigma-plus' is required to establish a constitutional violation." Id. at 1297 (citing Moore v. Otero, 557 F.2d 435, 437 (5th Cir. 1977)).

> Most defamation plaintiffs attempt to show some sort of special damage and out-of-pocket loss which flows from injury to their reputation. But *so long as such damage flows from injury caused by the defendant to a plaintiff's reputation*, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action.

Smith, 322 F.3d at 1297 (footnote omitted) (quoting Siegert v. Gilley, 500 U.S. 226, 234 (1991)).

Plaintiff has suggested no "right or status previously recognized under state law," Smith, 322 F.3d at 1296, that she has lost as a result of Defendants' alleged defamation. Moreover, the only damages she claims flow from the alleged injury to her reputation. See id. at 1297. Plaintiff has suggested no basis, and the Court discerns none, for a legal claim of entitlement under state law (or federal law, for that matter) to the reopening of her case before the Board of Immigration Appeals. Therefore, she may not proceed on a Fourteenth Amendment due process claim against Defendants. See Behrens v. Regier, 422 F.3d 1255, 1261-63 (11th Cir. 2005) (rejecting appellant's argument that he suffered stigma-plus when "stigmatizing state action [i.e., labeling him a 'verified' child abuser] interfered with his alleged right to adopt another child" because he could not "establish that,

5

under Florida law, he ha[d] any legal claim of entitlement to have his adoption application approved").

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed for failure to state a claim.

For the purpose of dismissal only, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**. Plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED as moot**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED, DIRECTED and RECOMMENDED** this 16th day of September, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)